Desire Chabot
vs.
Patrick F. Barry, et als.

Eq. No. 340

September 21, 1927.

CARPENTER, J. The complainant in the above entitled case has brought a bill in equity in this court against the respondents, Patrick F. Barry and Rose Barry and Joseph Gendron, alleging that on February 9, 1926, he signed and delivered a warranty deed to the respondents, Patrick F. Barry and Rose Barry, conveying to them three certain lots of land, to wit, lots numbered 190, 191 and 195 on Plan of Oakwood Park, revised plan made by C. E. Thayer, C. E., dated April, 1914, and recorded in the Town of West Warwick, plat book 1, page 2, and that

he intended to convey to said respondents only one lot of land, to wit, lot numbered 195, and that he made a mistake in conveying three lots. Therefore, he prays for relief, asking that the deed be reformed so that only one lot of land, to wit, lot numbered 195, would have been conveyed by him as aforesaid.

There was no evidence of any fraud committed by the respondents in reference to the transaction, and counsel for the complainant stated that there was no claim of any fraud being perpetrated by the respondents against the complainant.

The parties have filed and agreed to certain issues of fact. Some of them seem to the Court to be entirely irrelevant to the issue, but nevertheless, will make a finding on all of said issues.

The first, second, third, fourth, fifth and sixth issues, the Court finds in the affirmative.

The seventh issue, the Court finds that both parties agreed that a mistake had been made which was rectified as hereinafter set forth.

The eighth issue, the Court finds that the complainant at the time of the signing and delivery of said deed knew that said deed contained a description of land other than lot numbered 195 on said plan of Oakwood Park, and no misrepresentation was made to him in reference to the same.

The ninth issue, the Court finds in the affirmative.

The tenth and eleventh issues, the Court is unable to determine just what the agreement was prior to the time that it was reduced to writing in the form of a deed.

The twelfth issue, the Court finds in the affirmative.

The thirteenth issue, the Court cannot determine what the complainant intended to do, but the Court finds that he reduced his intentions to writing, signed and delivered the same, and the Court feels that the complainant must

have intended to do what he did do, to wit, convey three lots of land.

The fourteenth issue, the court finds that the complainant's mind was clear during all of the negotiations.

The fifteenth issue, the Court finds in the affirmative.

The sixteenth issue, the court feels and finds that the complainant is not entitled to a reconveyance to him from the respondents Patrick F. Barry and Rose Barry of the land described in the deed from the complainant in excess of lot numbered 195 on said plan.

The evidence in this case seemed to be very clear that the complainant and the respondents entered into a negotiation to sell certain lots of land; that a deed was made out, signed and delivered by the complainant to the respondents bearing date the 2nd of February, 1926; that the respondents found that the deed that had been delivered to them conveyed to them land upon which the complainant's home was located; that they immediately attempted to right the wrong and reconveyed to said complainant the land conveyed to them by said deed of February 2, 1926; that thereupon, the complainant gave to the respondents a new and other deed comprising lots numbered 190, 191 and 195. This deed, before the complainant signed the same, was read to him by the notary who took the acknowledgment, and the Court feels that he understood or should have understood the contents of the deed before he signed the same, and it seems to the Court that this case presents no grounds upon which the complainant is entitled to the relief for which he prays.

The respondents in their answer have asked for certain relief, and the Court feels that the respondents are entitled to the relief prayed for in the fifth paragraph of their answer.